IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2007 JAN 22  P 1: 46

CLERK _____
SO. DIST. OF GA.

| | | |
|---|---|---|
| BERNARD PETERSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 106-198 |
| | ) | |
| RICHMOND COUNTY SHERIFF'S | ) | |
| OFFICE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

---

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

---

Plaintiff, an inmate incarcerated at the Charles B. Webster Detention Center ("CWDC") in Augusta, Georgia, commenced the above-captioned case pursuant to 42 U.S.C. § 1983. He is *pro se*, and the Court has granted him *in forma pauperis* ("IFP") status conditioned upon his returning to the Court the Prisoner Trust Fund Account Statement and Consent to Collections of Fees forms. (Doc. no. 3). In the Court's December 15, 2006 Order, the Court instructed Plaintiff that he was required to return these forms to the Court, and also informed Plaintiff that he was responsible for immediately informing the Court of any change of address, and that failure to do so would result in the dismissal of his case. (Id.). However, Plaintiff's service copy of this Order was returned as undeliverable. The time for returning the Prisoner Trust Fund Account Statement and Consent to Collections of

Fees forms has since passed, and Plaintiff did not file these forms, nor did he otherwise update the Court with his new address.

Plaintiff's failure to provide the Court with an address where he can be reached has the effect of saddling the Court with a stagnant case. The Eleventh Circuit has stated that "the district court's power to control its docket includes the inherent power to dismiss a case . . . ." Quality Foods de Centro Am., S.A. v. Latin Am. Agribusiness Dev. Corp., S.A., 711 F.2d 989, 998 (11th Cir. 1983); see also Burden v. Yates, 644 F.2d 503, 505 (5th Cir. Unit B May 1981) ("It is also clear that a district court's power to control its docket includes the inherent power to dismiss a case."); Hyler v. Reynolds Metal Co., 434 F.2d 1064, 1065 (5th Cir. 1970) ("It is well settled that a district court has inherent power to dismiss a case for failure to prosecute . . . ."). Moreover, the Local Rules of the Southern District of Georgia dictate that an "assigned Judge may, after notice to counsel of record, *sua sponte* . . . dismiss any action for want of prosecution, with or without prejudice . . . [for] failure to prosecute a civil action with reasonable promptness." Loc. R. 41.1(c).

The test for determining the appropriateness of dismissal is whether there is "a clear record of delay or willful contempt and a finding that lesser sanctions would not suffice." Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1985). Here, Plaintiff's failure to provide to the Court a valid address, or otherwise pursue his case, amounts not only to a failure to prosecute, but also an abandonment of his case. This is precisely the type of neglect contemplated by the Local Rules. Furthermore, because the Court granted Plaintiff IFP status conditioned upon his sending back the required forms, the Court finds that the imposition of monetary sanctions is not a feasible sanction.

2

However, the Court recognizes that Plaintiff is proceeding *pro se*, and courts have voiced a dislike for the harshness of dismissing a *pro se* case with prejudice prior to an adjudication on the merits.[1]  See, e.g., Minnette v. Time Warner, 997 F.2d 1023, 1027 (2d Cir. 1993).  Thus, the Court is not persuaded that it would be appropriate to dismiss the instant action with prejudice.  The Court is not permanently barring Plaintiff from bringing a meritorious claim.  It is simply recommending dismissing the case without prejudice until such time as Plaintiff is willing to file his case and pursue it.

For the reasons set forth herein, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's case be **DISMISSED** without prejudice and that this case be **CLOSED**.

SO REPORTED and RECOMMENDED this 22nd day of January, 2007, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

---

[1] Unless the Court specifies otherwise, a dismissal for failure to prosecute operates as an adjudication on the merits.  See Fed. R. Civ. P. 41(b).

3